### BOSTON MANUFACTURING COMPANY *versus* The Inhabitants of NEWTON.

Water power, for mill purposes, not used, being merely a capacity of land for a ce̶r̶tain mode of improvement, cannot be taxed independently of the land.

Where a dam extended across a river, the thread of which was the dividing line between two towns, but the water power created thereby, was applied exclusively to drive mills situated in one of the towns, it was *held*, that the water power was n̶o̶t̶ subject to taxation in the other town.

By an agreed statement of facts, it appeared, that the plaintiffs were owners of two mill dams extending across Charles River, where it passes between the towns of Waltham and Newton, one half of the dams being in Newton, and the other half in Waltham ; that the water-power created thereby was exclusively applied by the plaintiffs to drive certain mills for the manufacture of cotton, situated in Waltham ; but that there was no natural obstacle, to prevent this water power from being applied and used to drive mills on the Newton side of the river.

It further appeared, that the plaintiffs were taxed in Newton, for one half of the dams, which was valued by the assessors, in assessing the taxes for that year, at $ 3500 ; — for the land covered by the water of the river in Newton, valued by the assessors at $ 1300, — and for one half of the water power, valued at $ 16,500 ; and that the plaintiffs had always been taxed by the town of Waltham for the value of their mills, they being estimated by the assessors as mills for the manufacture of cotton cloth.

The plaintiffs, in order to avoid the seizure and sale of their property by the collector of Newton, paid the tax assessed upon them in that town, protesting against its legality ; and this action was brought for the purpose of trying the right of the town of Newton to tax the water power.

If the Court should be of opinion, that the town of Newton could not lawfully tax this water power, judgment was to be rendered in favor of the plaintiffs ; otherwise, for the defendants.

*March 15th.*     C. P. *Curtis* and B. R. *Curtis*, for the plaintiffs.     The

water power of the plaintiffs is not real estate ; and, taken as an incorporeal right, it is not a subject of taxation by either town, separately from the structures by which it is created. If the tax in question is legal, the plaintiffs would be twice taxed for this right ; for the mills being in Waltham, they are rightly taxed there as mills, including the water power as incident thereto. The water power would pass by a grant of these mills. Revised Stat. c. 7, § 2, 3, 7 ; *Rex* v. *Fox*, 1 Salk. 169 ; *Rex* v. *Bilston*, 5 Barn. & Cressw. 851 ; *Rex* v. *Lower Mitton*, 9 Barn. & Cressw. 810.

*Choate*, for the defendants. If this water power is real estate, one half of it lies in Newton and is taxable there. Revised Stat. c. 7, § 7. It is not a mere incorporeal right, but land covered with water so flowing as to generate power. Co. Litt. 4 ; Woolrych on Water Courses, 117 ; *Miller* v. *Miller*, 13 Pick. 237 ; *Morrill* v. *Morrill*, 5 N. Hamps. R. 134 ; *Hills* v. *Dey*, 14 Wendell, 204 ; *Boynton* v. *Rees*, 9 Pick. 528. If it is real estate, the use of the power in Waltham cannot remove it thither, for it is of the essence of real estate to be immovable.

SHAW C. J. delivered the opinion of the Court. The only *March 25th* question in this case is, whether the town of Newton have a right to tax the plaintiffs, for the property, and under the circumstances, mentioned in the agreed statement of facts.

In the first place, the Court are of opinion, that water power for mill purposes not used, is not a distinct subject of taxation. It is a capacity of land for a certain mode of improvement, which cannot be taxed independently of the land.

But the objection to this mode of taxation, is not the only or principal objection to the tax in question. The Court are of opinion, that the water power had been annexed to the mills, that it went to enhance the value of the mills, and could only be taxed together with the mills, as contributing to increase their value. As the mills were wholly situated in Waltham, and were taxable there, they were not liable to be taxed in Newton.

*Defendants defaulted and judgment to be entered for the amount agreed.*